[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 8079
The instant proceeding sounds in medical malpractice and was brought by the plaintiffs, Gina and Paul Ruscoe, as parents and next friends of their minor son, Paul Ruscoe, Jr.; and Paul and Gina Ruscoe, individually, against Robert Elisofon, M.D.; Ridgefield Pediatric Associates, P.C.; Christopher Randolph, M.D.; Martin Kremenitzer, M.D.; John Murphy, M.D.; Associated Neurologists, P.C.; Danbury Hospital; and Mark Kunkel, M.D. for injuries the minor child sustained when the defendants allegedly failed to properly diagnose and treat him for herpes simplex virus encephalitis, leaving him permanently brain damaged and physically handicapped.
The plaintiffs' complaint sets forth six counts, the first five of which are asserted on behalf of the minor child by his parents against each of the defendants. The sixth count is asserted by the parents individually against all defendants and seeks damages for what is commonly called filial consortium. Defendants, Ridgefield Pediatric Associates; Danbury Hospital; Mark Kunkel, M.D.; Martin Kremenitzer, M.D.; John Murphy, M.D.; and Associated Neurologists have moved to strike the sixth count on the ground that Connecticut does not recognize a cause of action for filial consortium.[1]
This court is well aware of the split of authority at the Superior Court level regarding a cause of action for filial consortium and that a growing number of courts are indeed recognizing such a cause of action. In fact, this court addressed this issue extensively in Flores v.Danbury Hospital, 2 Conn. Ops. 283 (February 9, 1996, Moraghan, J.). It continues to adhere to its belief that the recognition of new cause of action lies with the Appellate Courts of this state, not with the trial courts. Accordingly, the split among the Superior Courts is resolved by appellate authority, this court will not recognize a cause of action for filial consortium. Accordingly, the defendants' motions to strike the sixth count of the complaint are granted.
Moraghan, J.